NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TOM WHITLEDGE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7085

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1032, Judge Bruce E. Kasold.

---

Decided: October 12, 2010

---

TOM WHITLEDGE of Beloit, Wisconsin, pro se.

RUSSELL A. SCHLTIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the

brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before LINN, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

Tom Whitledge appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial of his application for Department of Veterans Affairs ("VA") disability benefits by the Board of Veterans' Appeals ("Board"). *Whitledge v. Shinseki*, No. 09-1032, 2010 WL 1140975 (Vet. App. Mar. 25, 2010). Because this court lacks jurisdiction over Whitledge's appeal, the court dismisses the appeal.

BACKGROUND

In July 2005, Whitledge submitted an application to a regional office of the VA requesting VA disability benefits for a mental illness. To establish that he is a veteran eligible to receive VA benefits, Whitledge initially asserted that he had served in the Air Force for less than a year in the mid-1970s, during which he claimed to have flown prisoners of war from Vietnam to the United States. He later claimed that he had instead served in the Army and that he had been awarded the Congressional Medal of Honor for his actions in Vietnam.

When the regional office contacted him regarding his application, Whitledge stated that he did not have any evidence confirming his military service. The regional office attempted to verify Whitledge's claims, but neither the Air Force, the Army, nor the National Personnel Records Center could confirm that Whitledge had served in any branch of the armed forces, and his name could not

be found in the list of recipients of the Congressional Medal of Honor. The regional office notified Whitledge that it was unable to find any record of his service and offered him another opportunity to submit evidence demonstrating that he had served in the military. In response, Whitledge provided the regional office the name of a person he believed could verify his service. The record indicates that the regional office contacted this person at least twice but never received a response.

In October 2007, the regional office rejected Whitledge's application, finding that he failed to establish that he is a veteran. Whitledge appealed the decision of the regional office to the Board. The Board affirmed the regional office's decision, concluding that the regional office had satisfied its obligation to assist Whitledge in obtaining the necessary records and that Whitledge had provided insufficient evidence of military service. Whitledge's subsequent appeal of the Board's decision to the Veterans Court was also unsuccessful, the Veterans Court finding that the Board did not clearly err when it determined that Whitledge had not proven that he is a veteran and therefore was not eligible to receive VA disability benefits. Whitledge timely sought review of the Veterans Court's decision in this court.

## DISCUSSION

Although Whitledge asserts on appeal that the decision of the Veterans Court involved the interpretation of a statute or regulation and addressed constitutional issues, he has not identified a statute or regulation he believes the Veterans Court misinterpreted or a constitutional issue he contends the Veterans Court improperly decided and none are apparent in its decision. The sole issue decided by the Veterans Court—whether the Board committed clear error by finding that Whitledge lacked the

requisite military service to be eligible for VA disability benefits—is a question of fact. *See Talon v. Brown*, 999 F.2d 514, 516-17 (Fed. Cir. 1993) (noting that the nature and extent of military service is a question of fact). Except to the extent an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Because the appeal presented is outside this court's authority to review, the court has no choice but to dismiss the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

Each party shall bear its own costs.